**Antonio ANDREOS, Plaintiff–Appellant,**

v.

**KRAFT FOODS GLOBAL, INC., Defendant–Appellee.**

**No. 11–5481–cv.**

United States Court of Appeals, Second Circuit.

May 16, 2012.

Antonio Andreos, Edgewater, NJ, pro se.

Christopher H. Mills (David J. Treibman, on the brief), Fisher & Phillips LLP, Murray Hill, NJ, for Appellee.

PRESENT: JOSEPH M. McLAUGHLIN, RICHARD C. WESLEY, Circuit Judges, and J. GARVAN MURTHA, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff–Appellant Antonio Andreos, *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York (Crotty, *J.*), granting summary judgment in favor of his former employer, Kraft Foods Global, Inc. ("Kraft"), in his employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.,* and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

Andreos's principal contention on appeal is that the district court erred in granting Kraft's summary judgment motion on his race discrimination claim. We review orders granting summary judgment *de novo. Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). Summary judgment is appropriate upon a showing "that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003) (internal quotation marks omitted).

Having conducted an independent review of the record in light of these principles, we affirm the grant of Kraft's summary judgment motion for substantially the same reasons stated by the district court in its Order. Although we find Andreos met his initial burden of establishing a *prima facie* case of racial discrimination, the district court properly concluded that he failed to demonstrate that Kraft's proffered nondiscriminatory reason for his termination was pretextual. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Ruiz v. Cnty. of Rockland,* 609 F.3d 486, 492 (2d Cir.2010).

We have considered all of Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

---

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

1. We grant Kraft's motion to strike those portions of Andreos's "Reply Appendix" that were not filed in the district court. *See Int'l Bus. Machs. Corp. v. Edelstein,* 526 F.2d 37, 45 (2d Cir.1975); Fed. R.App. P. 10(a).